FUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOE LEE FULGHAM,

        Plaintiff,

v.                                                   ACTION NO. 2:20cv637

UNKNOWN,

        Defendant.

## ORDER

Plaintiff, a civilly committed individual, filed this *pro se* action. Am. Compl., ECF No. 11; Amendments, ECF Nos. 8, 10, 12. This matter is before the Court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2).

Under 28 U.S.C. § 1915(e)(2), when a plaintiff proceeds *in forma pauperis*, the Court is required to "dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious[] [or] . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). At this stage, upon review of Plaintiff's Amended Complaint and Amendments, it appears to the Court that Plaintiff has not stated a cognizable claim for relief.

To state a viable claim under § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). Additionally, "a plaintiff

must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Here, Plaintiff fails to identify any Defendant(s), and he fails to identify any cause(s) of action under which he wishes to proceed. *See generally* Am. Compl., ECF No. 11; Amendments, ECF Nos. 8, 10, 12. Nevertheless, while stopping short of advocacy, the Court must be solicitous of *pro se* civil rights actions. *See Gordon v. Leeke*, 574 F.2d 1147, 1152–53 (4th Cir. 1978). Accordingly, Plaintiff will receive an opportunity to particularize his claims. *See Coleman v. Peyton*, 340 F.2d 603 (4th Cir. 1965).

Plaintiff is **ORDERED** to file a Second Amended Complaint that complies with the instructions set forth in this Order within twenty-one (21) days of the date of entry of this Order. Plaintiff's Second Amended Complaint must be **signed** and must comply with the following instructions:

(i) At the top of the amended pleading, include the case number for this action – 2:20cv637 – and the title, "Second Amended Complaint;"

(ii) Provide a list of all named Defendant(s) in the case caption, and provide an address for each named Defendant;

(iii) In separately numbered paragraphs, provide a short statement of the **facts** giving rise to Plaintiff's claims for relief;

(iv) In separately captioned sections, **clearly identify each civil right violated**; Plaintiff should include an explanation as to why he believes each Defendant is liable to him, and such explanation should reference the specific numbered factual paragraphs in the body of the Second Amended Complaint that support the assertion(s);

  (v)  Following the previously described sections, include a prayer for relief; and

  (vi)  Attach any relevant exhibits to support such claims.

The Second Amended Complaint must also comport with the joinder requirements set forth in Rule 20 of the Federal Rules of Civil Procedure.[1] If Plaintiff's Second Amended Complaint fails to comport with the joinder requirements, the Court will dismiss all Defendants not properly joined with the first named Defendant.

Plaintiff is ADVISED that his Second Amended Complaint will supersede his prior complaints and amendments and will become the operative complaint in this action. *See Young v. City of Mt. Rainier*, 238 F.3d 567, 572 (4th Cir. 2001). That is, the Second Amended Complaint must stand or fall of its own accord, and Plaintiff may not reference statements in his prior complaints and amendments. Plaintiff is further ADVISED that failure to comply with this Order will result in the dismissal of this action without prejudice. *See* Fed. R. Civ. P. 41(b).

---

[1] Federal Rule of Civil Procedure 20(a) provides:

> **(2) Defendants.** Persons . . . may be joined in one action as defendants if:
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). However, "Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[] entirely different factual and legal issues.'" *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (citation omitted).

The Clerk is **DIRECTED** to please send a copy of this Order to Plaintiff Joe Lee Fulgham.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

Norfolk, Virginia
January 10, 2022